IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,** )

**VS.** )   2:03-cr-541-JHH-TMP

**ERIC ARNEZ LACEY.** )

**MEMORANDUM OF OPINION REGARDING ORDER GRANTING
MOTION FOR REDUCTION OF SENTENCE**

The movant, acting through his attorney, filed a motion (doc. #23) in the above-styled case on April 17, 2008, asking that this court reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) effective November 1, 2007 and made retroactive by USSG §1B1.10, effective March 3, 2008. On July 14, 2008, the government filed a response (doc. #28) to the motion, and on August 4, 2008, counsel for movant filed a response (doc. #29) to the government's opposition to the motion. The matter is now under submission. The court finds by separate order that the motion for reduction of sentence should be **GRANTED**.

In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987. One of these amendments, number 706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of

crack cocaine offenses as opposed to powder cocaine offenses.  In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

All of the proposed amendments, including the crack amendment, became effective on November 1, 2007.[1]  Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the crack amendment retroactive. The effective date for retroactive application of the crack amendment became March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the crack amendment (hereinafter referred to as "the amended policy statement").  As such, as of March 3, 2008, the crack amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (doc. #23) of Eric Arnez Lacey to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2).  The motion seeks the benefit of the crack amendment and the amended policy statement. The focus of the § 3582(c)(2) motion is the 151-

---

[1] At this point, the crack amendment had no retroactive application.

months sentence imposed under Count 3 for possessing with the intent to distribute in excess of 50 grams of cocaine base (140 grams of cocaine base actually involved).[2]

The following chart sets forth the application of the crack amendment to Count 3:

|  | **Original Sentence** | **Retroactive Sentence Adjustment** |
|---|---|---|
| **Total Offense Level** | 31 | 29 |
| **Criminal History Category** | IV | IV |
| **Imprisonment Range** | 151 - 188 months (mandatory 120 months | 121 - 151 months (mandatory 120 months) |
| **Projected Release Date** | 1/27/2019 | |

A review of the sentencing issues now confronting this court includes, but are not limited to, the following:

1.   the movant was originally sentenced to 151 months under Count 3, which was the bottom of the correctly-computed guidelines range;

---

[2] Movant also received a 60 month sentence under Count 4 for possessing a firearm in furtherance of the Count 3 offense, which 60 month sentence was required to be imposed to run consecutively to the Count 3 sentence. The Count 4 sentence will not be affected by the order ruling on the pending motion.

3

    2.    as computed in accordance with the amended guideline, the 121 months bottom of the range is one month above the statutory minimum sentence of 120 months;

    3.    Movant's criminal history as reflected in the presentence report does not indicate that there are public safety issues raised by movant's release at an earlier date.  Further, the court is not aware of any of his custodial behavior which indicates that there are public safety issues raised by his release at an earlier date.

Pursuant to U.S.S.G § 1B1.10 (b), this court finds that the movant is eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and concludes that the crack amendment applies to the circumstances of the movant.  Furthermore, while it is a close call, this court concludes that the movant likely would have been sentenced at the low end of the offense level based upon the plea agreement had the crack amendment been in effect at that time.

The court is aware of movant's argument that a sentencing adjustment under the crack amendment calls for a <u>de novo</u> resentencing.  That argument is rejected.[3]  <u>See</u> <u>United States v. Moreno</u>, 421 F.3d 1217 (11th Cir. 2005); <u>United States v.</u>

---

[3] In view of the 120 months statutory minimum sentence, were the court to conduct a *de novo* resentencing , an additional one month reduction would have been the maximum possible additional reduction.

Clarke, 2008 WL 1913899 (M.D. Fla. April 28, 2008).  Therefore, based upon the foregoing, after considering the factors set forth in 18 U.S.C. § 3553(a), this court hereby finds that the custodial sentence under Count 3  should be reduced to 121 months (which, as noted in footnote 2, is one month above the statutory minimum).  That 121 months sentence shall be followed by the original 60 month custodial sentence imposed for Count 4 which shall be a consecutive sentence.  The court finds that the movant has not overserved the original sentence, and, thereby, specifically retains all options for re-sentencing the movant in the future event that he appear before this court pursuant to a petition for revocation of supervised release.  The 60-months supervised release term imposed at sentencing begins immediately upon movant's release from custody.

A separate order will be entered.   Movant's attention is directed to the 'Notice Concerning Appeals" set out below.

## NOTICE CONCERNING APPEALS

A § 3582(c)(2) motion is a continuation of the criminal proceeding; therefore, a notice of appeal must be filed within ten days from the entry of the judgment or order being appealed.  *See*, *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir.2003); *United States  v. Starks,* 2008 WL 351386 (11th Cir. 2008);

*Fed. R. App. P.* 4(b)(1)(A)(i). If movant was represented by appointed counsel at trial or on appeal, movant is not required to file a new application to proceed *in forma pauperis* on appeal from the ruling on the § 3582(c)(2) motion. If movant was represented by retained counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when he files notice of appeal from the ruling on the § 3582(c)(2) motion. The Clerk is DIRECTED to provide movant with an application to proceed *in forma pauperis* form.

**DONE** this the ___3rd___ day of October, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE